IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL LAW ENFORCEMENT OFFICERS ASSOCIATION, 1100 Connecticut Avenue NW Suite 900 Washington, DC 20036, | |
| Plaintiff, | Case No. 19-735 |
| v. | |
| MARGARET WEICHERT in her official capacity as acting Director of the United States Office of Personnel Management, 1900 E Street, NW Washington, DC 20415, | |
| and | |
| UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, 1900 E Street, NW Washington, DC 20415, | |
| Defendants. | |

## COMPLAINT

## INTRODUCTION

Plaintiff Federal Law Enforcement Officers Association ("FLEOA") represents the

interests of over 27,000 current and retired federal law enforcement officers across 65 agencies.

It challenges a U.S. Office of Personnel Management ("OPM") policy resulting in the reduction,

for divorced retirees, of a retirement benefit designed to supplement federal law enforcement officers' and other early-retiring employees' incomes prior to reaching Social Security age.

In mid-2016, OPM began for the first time to include this Annuity Supplement together with retirees' basic annuity benefits when calculating how much of a retiree's monthly payment to apportion to his or her former spouse pursuant to a divorce decree—even where that decree does not expressly address the Annuity Supplement. OPM also applied this change retroactively by calculating the resulting "underpayments" to former spouses dating from the divorce decree or retirement date and then charging this amount to the retiree, in one instance more than $28,000. Thus, even if this change were required by statute—it is not—OPM would be in essence penalizing retirees, in many instances heavily, for its own mistake.

OPM, moreover, is mistaken about the law. Apportioning the Annuity Supplement absent a court order expressly directing that it be divided is contrary to law because the relevant statutes require OPM to implement division orders pursuant to divorce in a purely ministerial fashion. OPM's Inspector General reached exactly that conclusion when it recommended that the agency cease implementing the new policy and compensate adversely affected retirees—a recommendation that OPM disregarded. Not only that, but the sudden and retroactive implementation of this policy without notice or rulemaking unfairly blindsided affected retirees—including many FLEOA members who dedicated their careers to protecting their fellow Americans—who could not have possibly anticipated OPM's subsequent apportionment of their Annuity Supplement when planning for retirement or dividing marital property during their divorces. For these reasons, FLEOA asks the Court to reject OPM's interpretation of the relevant statutes and to enjoin OPM from continuing to divide the Annuity Supplement absent a divorce order expressly providing for such division.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 702.

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1).

## PARTIES

3.    Plaintiff Federal Law Enforcement Officers Association is a nonprofit corporation headquartered at 1100 Connecticut Avenue NW, Suite 900, Washington, DC 20036. FLEOA represents the interests of over 27,000 current and retired federal law enforcement officers (LEOs) in over 65 agencies by, among other things, providing legal assistance and representation to its members and advocating on behalf of federal LEOs before Congress and executive agencies, including with respect to the OPM action at issue in this Complaint.

4.    Defendant Margaret Weichert is the acting Director of the United States Office of Personnel Management. The Director is responsible for executing, administering, and enforcing the civil service laws and regulations, and the other activities of OPM including retirement and classification activities. 5 U.S.C. § 1103(a)(5). The acting Director is sued solely in her official capacity.

5.    Defendant United States Office of Personnel Management is an independent agency of the United States Government headquartered in Washington, DC. OPM is responsible for administering the Federal Employees Retirement System. 5 U.S.C. § 8461.

## FACTUAL ALLEGATIONS

### Statutory and Regulatory Framework governing FERS Annuities and Division of such Payments resulting from Divorce Proceedings

6.    The Federal Employees Retirement System ("FERS"), 5 U.S.C. § 8401, *et seq.*, provides for retirement benefits, including a Basic Annuity and Social Security, for federal government civilian employees.

7.      All employees who reach the minimum retirement age and required number of years of service are entitled to an annuity payment (the "Basic Annuity"). 5 U.S.C. § 8412.

8.      Certain federal employees eligible to retire with fewer years of service at younger ages, including LEOs as defined in 5 U.S.C. §§ 8401(17)(A), are also entitled to an Annuity Supplement, which is designed to take the place of Social Security benefits until the retiree becomes eligible for Social Security benefits at age 62. 5 U.S.C. § 8421(a); 5 C.F.R. § 842.503(a)(6).

9.      Basic Annuity payments may only be paid to a person other than the retiree "if and to the extent expressly provided for in the terms of [] any court decree of divorce, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation." 5 U.S.C. §  8467(a)(1).

10.      OPM "performs purely ministerial actions" when executing court orders regarding the division of annuity payments, meaning that it "must honor the clear instructions of the court" and "will not supply missing provisions, interpret ambiguous language, or clarify the court's intent by researching individual State laws." 5 C.F.R. § 838.101(a)(2).

11.      Thus, OPM cannot process a court-ordered division of an annuity payment "unless OPM can determine the type of annuity . . . on which to apply the formula, percentage, or fraction." 5 C.F.R. § 838.306(a).

12.      Annuity Supplement payments "shall . . . be treated in the same way as" Basic Annuity payments for purposes of OPM's compliance with any court-ordered divisions. 5 U.S.C. § 8421(c).

## OPM's Treatment of Annuity Supplement Payments

13.     From the inception of FERS until 2016, OPM did not include the Annuity Supplement in its calculations when apportioning Basic Annuity payments to a retiree's former spouse pursuant to a court-ordered division unless that court order expressly divided the Annuity Supplement.

14.     Thus, OPM properly did not apportion Annuity Supplements absent an express court order directing it to do so.

15.     In or around July 2016, OPM began apportioning Annuity Supplements to former spouses whenever a divorce court ordered division of the FERS Basic Annuity benefit even where that order did not expressly divide the Annuity Supplement.

16.     This change resulted from OPM's determination that 5 U.S.C. § 8421(c) required it to apportion the Annuity Supplement to a former spouse any time a court order divided a FERS Basic Annuity benefit.

17.     Also, in or around July 2016, OPM calculated the additional amounts that it would have apportioned to affected retirees' former spouses had this practice been in effect from the dates of their retirement or the effective date of the court order dividing their FERS benefits.

18.     OPM informed affected retirees that they owed these retroactive amounts to their former spouses.

19.     OPM then began deducting these amounts owed retroactively in monthly installments from affected retirees' annuity payments.

20.     OPM did not provide public notice and opportunity for comment before implementing these changes.

21.     FLEOA has numerous members whose Basic Annuities are divided pursuant to court orders that are silent as to the division of their Annuity Supplement.

22.     These FLEOA members' Annuity Supplements are now being apportioned, and any retroactive apportionments they owe are being deducted in installments from their monthly annuity benefits.

23.     Accordingly, as a result of OPM's actions, affected FLEOA members have been deprived of retirement benefits that they would have otherwise received.

24.     OPM's Inspector General determined that the Agency's actions constituted a rule within the meaning of the Administrative Procedure Act, which may only be implemented through notice-and-comment rulemaking.

25.      OPM's Inspector General also found that the Agency had incorrectly interpreted FERS statutes and recommended that OPM cease apportioning Annuity Supplements absent an express court order directing such apportionment.

26.     OPM declined to follow the Inspector General's recommendations.

## COUNT ONE

**Arbitrary and Capricious Agency Action in Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)**

27.     FLEOA reasserts and reincorporates the allegations contain in Paragraphs 1 through 26 herein.

28.     Congress has provided that federal employee retirement benefits shall be paid to another person only if expressly provided for in any court decree of divorce, annulment, or legal separation. 5 U.S.C. §  8467(a)(1).

29.     Congress has further provided that Annuity Supplements shall be treated in the same way as Basic Annuities for purposes of Section 8467. 5 U.S.C. § 8421(c).

30.     These provisions, taken together, permit apportionment of the Annuity Supplement only where a court order expressly apportions the Annuity Supplement.

31.     Defendants' apportionment of Annuity Supplements absent an express court order requiring such apportionment is thus inconsistent with Sections 8421 and 8467.

32.     Defendants' failure to follow Sections 8421 and 8467 constitutes an action that is arbitrary, capricious, and contrary to law in violation of 5 U.S.C. § 706(2)(A).

## COUNT TWO

**Agency Action Taken Without Observance of Procedure Required by Law in Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(D)**

33.     FLEOA reasserts and reincorporates the allegations contain in Paragraphs 1 through 26 herein.

34.     Defendants' reinterpretation of FERS is an agency statement of particular applicability and future effect designed to implement law, and thus constitutes a rule within the meaning of 5 U.S.C. § 551(4).

35.     Defendants' rule is a legislative rule that has the force and effect of law.

36.     By formulating this rule, Defendants therefore engaged in rulemaking within the meaning of 5 U.S.C. § 551(5).

37.     Agencies engaged in rulemaking with respect to legislative rules which have the force and effect of law must publish notice of the proposed rule and give interested persons an opportunity to comment before the rule is finalized. *See* 5 U.S.C. § 553(b); *Perez v. Mortg. Bankers Ass'n*, 135 S. Ct. 1199, 1201 (2015).

38.     Defendants did not follow the required notice-and-comment procedures.

39.     Defendants' failure to follow the rulemaking procedure set forth in 5 U.S.C. § 553 therefore constitutes agency action taken without observance of procedure required by law in violation of 5 U.S.C. § 706(2)(D).

## COUNT THREE

### Agency Action In Excess of Authority Delegated by Congress in Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(C)

40.     FLEOA reasserts and reincorporates the allegations contain in Paragraphs 1 through 26 herein.

41.     An agency may not engage in retroactive rulemaking unless expressly delegated by statute. *See Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988).

42.     OPM's decision to apply its reinterpretation of FERS statutes retroactively constitutes retroactive rulemaking.

43.     OPM is not authorized by statute to engage in retroactive rulemaking.

44.     Accordingly, Defendants acted in excess of the authority delegated to OPM by Congress in violation of 5 U.S.C. § 706(2)(C).

## PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff requests that this Court:

a.  Declare invalid OPM's practice of apportioning the FERS Annuity Supplement absent a court order expressly directing such apportionment;

b.  Permanently enjoin Defendants from continuing to do so;

c.  Award Plaintiff attorney fees and all other reasonable expenses incurred in pursuit of this action pursuant to the under the Equal Access to Justice Act, 28 U.S.C. § 2412; and;

d.  Grant other such relief as the Court deems necessary, just and proper.

Dated: March 15, 2019                     Respectfully submitted,

                                          /s/ Ryan E. Griffin
                                          Ryan E. Griffin, D.C. Bar Number 1007078
                                          Daniel M. Rosenthal, D.C. Bar Number 1010473
                                          James & Hoffman, P.C.
                                          1130 Connecticut Avenue, NW, Suite 950
                                          Washington, DC 20036
                                          (202) 496-0500
                                          (202) 496-0555 (fax)
                                          regriffin@jamhoff.com
                                          dmrosenthal@jamhoff.com

                                          Attorneys for Plaintiff Federal Law Enforcement
                                          Officers Association

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

FEDERAL LAW ENFORCEMENT
OFFICERS ASSOCIATION,
1100 Connecticut Avenue NW
Suite 900
Washington, DC 20036,

                    Plaintiff,

      v.

MARGARET WEICHERT in her official capacity
as acting Director of the United States Office of
Personnel Management,
1900 E Street, NW
Washington, DC 20415,

      and

UNITED STATES OFFICE OF
PERSONNEL MANAGEMENT,
1900 E Street, NW
Washington, DC 20415,

                    Defendants.

Case No._____

**CORPORATE DISCLOSURE STATEMENT PURSUANT TO LOCAL RULE 26.1**

      I, the undersigned, counsel of record for Federal Law Enforcement Officers Association

("FLEOA"), certify that to the best of my knowledge and belief, that there are no subsidiaries,

affiliates, or companies which own at least 10% of the stock of FLEOA which have any

outstanding securities in the hands of the public.

These representations are made in order that judges of this Court may determine the need for recusal.

Dated: March 15, 2019

/s/ Ryan E. Griffin
Ryan E. Griffin, D.C. Bar Number 1007078
Daniel M. Rosenthal, D.C. Bar Number 1010473
James & Hoffman, P.C.
1130 Connecticut Avenue, NW, Suite 950
Washington, DC 20036
(202) 496-0500
(202) 496-0555 (fax)
regriffin@jamhoff.com
dmrosenthal@jamhoff.com

Attorneys for Plaintiff Federal Law Enforcement
Officers Association