**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FEDERAL LAW ENFORCEMENT OFFICERS ASSOCIATION,<br>    Plaintiff<br>    v.<br>KIRAN AHUJA[1], Director, United States Office of Personnel Management, *et al.*,<br>    Defendants | Civil Action No. 19-735 (CKK) |

**MEMORANDUM OPINION**
(September 28, 2021)

This case concerns the 2016 decision of Defendants, the Director of the United States Office of Personnel Management and the United State Office of Personnel Management ("OPM"), to implement a policy which resulted in the reduction of annuity supplement payments for many retired law enforcement officers who are divorced. Plaintiff, the Federal Law Enforcement Officers Association, represents 27,000 current and retired federal law enforcement officers and brings claims against Defendants under the Administrative Procedure Act ("APA"), contending that Defendants' policy is arbitrary and capricious and that Defendants exceeded their statutory authority by applying the policy retroactively.

Presently before the Court are Plaintiff's [39] Motion for Summary Judgment and Defendants' [42] Cross-Motion for Summary Judgment. Upon consideration of the pleadings,[2]

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Kiran Ahuja is substituted in her official capacity as the Director of the United States Office of Personnel Management.

[2] The Court's consideration has focused on the following documents:
- Plaintiff's Memorandum of Points and Authorities in Support of Summary Judgment ("Pl.'s Mot."), ECF No. 39;
- Defendants' Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment ("Defs.' Cross-Mot. & Opp'n"), ECF No. 42;

the relevant legal authority, and the record as a whole, for the reasons below, the Court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendants' Cross Motion for Summary Judgment.

## I. BACKGROUND

Pursuant to the Federal Employees Retirement System ("FERS"), 5 U.S.C. § 8401, *et seq.*, federal government civilian employees may receive certain retirement benefits, including annuities and Social Security. Federal civilian employees who reach retirement age with the required number of service years are entitled to an annuity. §§ 8412, 8415.[3] Federal retirees also become eligible for Social Security benefits at age 62. § 8403; 42 U.S.C. § 402. Certain employees, including federal law enforcement officers, are eligible to retire at a younger age with fewer service years. §§ 8412(d), (e), 8415(e), 8421. These employees may be entitled to an "annuity supplement" until the retiree reaches the minimum age to qualify for Social Security. § 8421(a).

Annuity payments under the FERS "which would otherwise be made to an employee . . . *shall be paid*" to another person "if and to the extent expressly provided for in the terms of – (1) any court decree of divorce, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation . . . [.]" § 8467(a). The associated regulations require that the court order "must contain language identifying the retirement system to be affected." 5 CFR § 838.611(a). For example, "CSRS," "FERS," "OPM," or "Federal Government" benefits, or benefits payable

---

- Plaintiff's Memorandum of Points & Authorities in Opposition to Defendants' Cross-Motion for Summary Judgment and Reply in Support of its Motion for Summary Judgment ("Pl.'s Reply & Opp'n"), ECF No. 44; and
- Defs.' Reply in Support of Cross-Motion for Summary Judgment ("Defs.' Reply"), ECF No. 45.

[3] Unless otherwise specified, all statutory citations in this Memorandum Opinion refer to sections of Title 5 of the United States Code.

"based on service with the U.S. Department of Agriculture," etc., are sufficient identification of the retirement system. *Id.* In interpreting court orders under this section, Defendants "perform[] purely ministerial actions," "must honor the clear instructions of the court," and "will not supply missing provisions, interpret ambiguous language, or clarify the court's intent by researching individual State laws." 5 C.F.R. § 838.101(a)(2).

The provision addressing annuity supplements directs that "[a]n amount under this section shall, for purposes of section 8467, *be treated in the same way* as an amount computed under section 8415," the provision addressing the computation of basic annuity. § 8421(c) (emphasis added).

The dispute in this case involves the statutory requirement that annuity supplements be "treated in the same way" as basic annuity when such payments are the subject of a court divorce, separation, or annulment order. Plaintiff contends that to treat the annuity supplement "in the same way" as basic annuity requires that a court order "expressly" provide for a division of the annuity *supplement* before OPM may pay the annuitant's former spouse a portion of the annuity supplement. *See* Pl.'s Mot. at 9–11. Defendants, on the other hand, contend that to treat the annuity supplement "in the same way" as basic annuity requires that OPM divide the annuity supplement in accordance with a court order that directs that any FERS annuity ("basic annuity") be apportioned to the retiree's former spouse. *See* Def.'s Cross-Mot. & Opp'n at 9–11.

The administrative record indicates that OPM specialists charged with administering these benefits sought internal guidance regarding the division of annuity supplements pursuant to court orders. *See, e.g.*, OPM001, OPM003.[4] In response, OPM clarified in a 2014 memorandum (the "2014 Guidance") that "not only does 5 U.S.C. § 8421(c) obligate OPM to honor provisions in a

---

[4] Citations to materials with the "OPM" prefix refer to pages of the parties' Joint Appendix, filed at ECF No. 39-2.

court order that expressly divide a FERS annuity supplement, this provision also requires OPM to divide an annuity supplement in circumstances where a court order simply divides a FERS annuity benefit but does not necessarily include a separate and express provision dividing the annuitant's FERS annuity supplement." OPM004.

In June 2016, OPM issued a "Retirement and Insurance Letter" entitled "Processing Court Ordered Benefits Affecting the Federal Employees Retirement System (FERS) Basic Annuity and the FERS Annuity Supplement" (the "2016 RIL"). *See* OPM009. OPM concluded that it was "statutorily obligated" to "divide the FERS annuity *supplement* in circumstances where the provisions of a court order do[ ] **not** expressly mention the FERS annuity supplement **in the same way as the division of the FERS annuity benefit.**" OPM009 (emphasis in original). In other words, if a court order required that basic annuity be divided, then the annuity supplement must also be divided and paid to the retiree's former spouse—even if the court order did not expressly mention the annuity *supplement*. *See* OPM009–10.

The 2016 RIL also directed OPM administrators to calculate the annuity supplement payment amounts that would have been due to the affected retirees' former spouses had the annuity supplement been paid to former spouses in a manner consistent with the agency's position articulated in the 2014 Guidance and 2016 RIL. *See, e.g.*, OPM009–12. Defendants notified the affected retirees of these amounts and began deducting the amounts owed in monthly installments from their annuity payments. *See* OPM001, 035.

Plaintiff contends that OPM had previously interpreted §§ 8421 and 8467 as "authorizing it to apportion an Annuity Supplement only where that specific benefit was expressly divided in a divorce court order," but that, through the 2014 Guidance and 2016 RIL, it "reversed course" and "reinterpreted Section 8421(c) as requiring it to apportion a retiree's Annuity Supplement any time

4

it divided his or her Basic Annuity, even where a court order was silent as to the Supplement." Pl.'s Mot. at 1, 4. For example, a court order dividing a retiree's "gross annuity," which "would have previously resulted only in the division of the Basic Annuity, would now be read as requiring division of both the Basic Annuity and the Annuity Supplement." Pl.'s Mot. at 5 (citing OPM010, 042–043). Defendants respond that "OPM has not adopted some new and more esoteric 'interpretation' of the language of the statute," but rather "observed a failure to apply an already clear and unambiguous statute as written . . . and made a correction to accomplish that statutory obligation." Def.'s Cross-Mot. & Opp'n at 4.

Plaintiff filed its Complaint in this action on March 15, 2019, bringing three APA claims against Defendants, Compl. ¶¶ 27–44, ECF No. 1—two of which remain pending.[5] Both parties have moved for summary judgment as to the two remaining counts (Counts 1 and 3). *See* Pl.'s Mot.; Defs.' Cross-Mot. & Opp'n. Those motions are now ripe for the Court's consideration.

## II.   LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." However, "when a party seeks review of agency action under the APA [before a district court], the district judge sits as an appellate tribunal. The 'entire case' on review is a question of law." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). Accordingly, "the standard set forth in Rule 56[ ] does not apply because

---

[5] The Court previously dismissed Count 2, in which Plaintiff contended that the Policy constituted a "legislative rule" for which Defendants failed to engage in proper rulemaking under the APA, such as notice-and-comment procedures. Compl. ¶¶ 33–39, ECF No. 1. The Court concluded that Defendants' Guidance and RIL amounted to a "non-legislative, interpretive rule," about which Defendants were not required under the APA to engage in notice and comment rulemaking. Mem. Op. at 6, 12–13 ECF No. 35. The Court further concluded, however, that Defendants' policy could "be reviewed pursuant to the APA for being arbitrary or capricious or in excess of authority[.]" *Id.* at 14 (citations omitted).

of the limited role of a court in reviewing the administrative record. . . . Summary judgment is [ ] the mechanism for deciding whether as a matter of law the agency action is supported by the administrative record and is otherwise consistent with the APA standard of review." *Southeast Conference v. Vilsack*, 684 F. Supp. 2d 135, 142 (D.D.C. 2010).

The APA "sets forth the full extent of judicial authority to review executive agency action for procedural correctness." *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 513 (2009). It requires courts to "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "This is a 'narrow' standard of review as courts defer to the agency's expertise." *Ctr. for Food Safety v. Salazar*, 898 F. Supp. 2d 130, 138 (D.D.C.2012) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). The reviewing court "is not to substitute its judgment for that of the agency." *Dist. Hosp. Partners, L.P. v. Burwell*, 786 F.3d 46, 57 (D.C. Cir. 2015).

### III.  DISCUSSION

Plaintiff seeks summary judgment on the basis that Defendants' interpretation of § 8467's directive that the annuity supplement "be treated the same way" is arbitrary and capricious, and contrary to the plain meaning of the statute. Plaintiff contends that §§ 8467 and 8421 authorize OPM to pay a portion of the annuity supplement to a retiree's former spouse only when a court order "expressly" orders division of the annuity supplement. Pl.'s Mot. at 9–11. Plaintiff also seeks summary judgment on its claim that OPM exceeded its statutory authority by "claw[ing] back Annuity Supplement payments" from those retirees whose annuity supplement payments were not paid by OPM to their former spouses. *Id.* at 17. Defendants cross-moves for summary judgment as to both claims, contending that its interpretation and implementation of sections 8467

and 8421(c) are consistent with the clear statutory language. *See* Defs.' Cross-Mot & Opp'n at 8–12, 24–30.

For the reasons explained below, the Court concludes that Defendants' position is consistent with the unambiguous statutory directive that annuity supplements be "treated in the same way" as basic annuity. The Court further concludes that Defendants have appropriately implemented the statute by deducting overpayments made to annuitants whose payments had been calculated under an incorrect interpretation of the statute. Accordingly, summary judgment in Defendants' favor is warranted.

### A. Defendants' Interpretation of Section 8421(c) is Consistent with the Unambiguous Language of the Statute.

Plaintiff first contends that Defendants' "interpretation" of § 8412(c), as set forth in the 2014 Memorandum and 2016 RIL is arbitrary, capricious, or contrary to law, in violation of the APA. To evaluate Plaintiff's claim that Defendants' Policy is inconsistent with the statute, the Court must first apply the "ordinary tools of statutory construction" to determine "whether Congress has directly spoken to the precise question at issue." *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984). "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.'" *City of Arlington, Tex. v. F.C.C.*, 569 U.S. 290, 296 (2013) (quoting *Chevron*, 467 U.S. at 842–43). But, if "the statute is silent or ambiguous with respect to the specific issue . . . we move to the second step and defer to the agency's interpretation as long as it is based on a permissible construction of the statute." *Noramco of Del., Inc. v. DEA*, 375 F.3d 1148, 1152–53 (D.C. Cir. 2004) (internal citations and quotation marks omitted). "If a statute is ambiguous, and if the implementing agency's construction is reasonable, *Chevron* requires a federal court to accept the agency's construction of the statute, even if the agency's reading differs from what the court believes is the

best statutory interpretation." *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 980 (2005).

Here, both parties argue that the Court need only address the first step: each party contends that the phrase "be treated in the same way" in section 8421(c) is unambiguous—though for different reasons and with different outcomes. In Plaintiff's view, to "treat[ ]" the annuity supplement "in the same way" as basic annuity requires OPM to consider whether there is a court order "expressly providing" for the annuity *supplement* payment to be divided between spouses; absent an express reference to the annuity *supplement* in a court order, that benefit cannot be divided. Pl.'s Mot. at 10. Plaintiff argues that these sections unambiguously require that a court order "expressly" directs that the retiree's annuity *supplement* payments be divided with his or her former spouse before OPM can apportion those payments. *Id.* at 9. In contrast, Defendants argue that these same statutory provisions unambiguously direct OPM to divide the annuity supplement pursuant to a court order so long as the court order requires the division of basic annuity. In other words, to "treat[ ]" the annuity supplement "in the same way" as basic annuity means that if a court order directs that FERS annuity must be divided, then the annuity supplement must be divided "in the same way." Def.'s Cross-Mot. & Opp'n at 8–10.

To determine whether the statutory language is susceptible to more than one reasonable interpretation, the Court considers "the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Validus Reinsurance, Ltd. v. United States*, 786 F.3d 1039, 1043 (D.C. Cir. 2015) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)). The language of § 8421(c) requires OPM, for the purposes of § 8467—the provision addressing the division of annuity payments when "expressly provided for" in a court divorce or

separation order—to treat an annuity supplement "in the same way" as an "amount computed under section 8415," the section addressing how to compute basic annuity. § 8421(c).

The Court agrees with Defendants that §§ 8421(c) and 8467 unambiguously require OPM to *divide* the annuity supplement "in the same way" as basic annuity when a court order directs a division of federal retirement annuity, consistent with the requirements of 5 C.F.R. § 838.611(a) ("For example, 'CSRS,' 'FERS,' 'OPM,' or 'Federal Government' benefits, or benefits payable 'based on service with the U.S. Department of Agriculture,' etc., are sufficient identification of the retirement system."). In other words, to "treat" the annuity supplement "in the same way" means to divide it "in the same way" as basic annuity; not, as Plaintiff contends, to require a court order expressly and separately directing that the annuity "supplement" be divided.

The structure and context of the statutory scheme support this conclusion. Notably, the section providing for the annuity supplement is located within the subchapter entitled "Basic Annuity," subchapter II, chapter 84, of Title 5 of the United States Code. This same subchapter contains the section regarding "computation of basic annuity," § 8412, and the "annuity supplement," § 8421. Section 8467, then, requires that "payments *under this chapter* which would otherwise be made to an employee . . . shall be paid . . . to another person if and to the extent expressly provided for in the terms of – any court decree of divorce, annulment, or legal separation, or the terms of any court order[.]"  § 8467(a)(1). The subchapter about "basic annuity" encompasses the section about the temporary "annuity supplement" available to certain federal law enforcement officers who retire before they are eligible for Social Security. *See* 5 U.S. Code Subchapter II – Basic Annuity (encompassing §§ 8410–8425); *see also*  5 C.F.R. § 838.103 (defining "employee annuity" as the "recurring payments under CSRS or FERS made to a retiree . . ."). Accordingly, it is logical that if a court order directs division of basic annuity, that order

9

would also encompass division of the annuity supplement "in the same way," without the need to distinguish between the two.

Plaintiff's proposed interpretation treats the annuity supplement as a benefit separate and apart from basic annuity. Plaintiff contends that OPM can apportion retiree benefits only to the extent the "relevant court order can be interpreted as specifically referring to a *particular* FERS benefit." Pl.'s Mot. at 9–10. In support of this position, Plaintiff relies on the Federal Circuit's decision in *Downing v. Office of Personnel Management*, 619 F.3d 1374 (D.C. Cir. 2010), in which the court concluded that an annuitant's former spouse was not entitled to the retiree's "survivor" annuity benefits because this benefit was not "expressly award[ed]" in the state court divorce order." *Id.* at 1377. But Plaintiff's reliance on *Downing* is not persuasive. That case involved the "survivor" annuity benefit—*not* the annuity supplement benefit at issue in this case. "Survivor annuity" is addressed in subchapter III of chapter 84, entitled "Civil Service Retirement—a different chapter than the one addressing basic annuity (which also contains the section addressing the annuity supplement).

The Federal Circuit in *Downing* concluded that the divorce decree at issue failed to "expressly" award a deceased retiree's former spouse "*survivor* annuity" benefits. 619 F.3d at 1377. From this conclusion, Plaintiff extrapolates that a divorce order must address the "specific" annuity benefit at issue in order for OPM to divide it. *See* Pl.'s Mot. at 9–10. As applied to the annuity supplement, that would require a court order to explicitly refer to the annuity *supplement*, as opposed to simply FERS annuity. The court's conclusion in *Downing* does not stand for such a sweeping proposition. The applicable statute in *Downing*, 5 U.S.C. § 8341, directs OPM to pay a former spouse a "survivor" annuity benefit "if and to the extent expressly provided for . . . in the terms of any decree of divorce or annulment or any court order[.]" The associated regulation

provides that "[t]he court order must contain language such as 'survivor annuity,' 'death benefits,' 'former spouse survivor annuity under 5 U.S.C. § 8341(h)(1),' etc." 5 C.F.R. § 838.912.  These directives parallel the statutory directives pertaining to *basic* annuity at issue here.  *See supra* Section I.

But the statutory section addressing the annuity supplement does not contain any qualification that OPM may allocate this benefit to a former spouse only when this specific benefit is "expressly provided for" in a court divorce order.  Rather, that provision requires that the annuity supplement be "treated . . . in the same way as basic annuity" for the purpose of dividing it pursuant to a court order. § 8421(c).  Had Congress intended that OPM require a court order "expressly" dividing the annuity supplement, it could have included that same directive in the specific statute addressing the annuity supplement—as it did with respect to survivor annuity, as discussed in *Downing*.  Instead, Congress directed that the annuity supplement be "treated in the same way" as basic annuity.

Based on the structure of the statute and the context of the provision providing for the annuity supplement, the Court concludes that this language unambiguously directs OPM to include the annuity supplement in the amount to be divided  pursuant to a court order that expressly provides for payment of basic annuity to a retiree's former spouse. §§ 8421(c); 8467(b).  Because Defendants' interpretation of these provisions adheres to the statute's unambiguous directive, it is not "arbitrary and capricious," and so the Court shall grant summary judgment in Defendants' favor as to Count I of the Complaint.

**B. Defendants Have Appropriately Implemented the Unambiguous Language of the Statute.**

Plaintiff next argues that Defendants exceeded their statutory authority by giving their 2104 Guidance and 2016 RIL "retroactive effect." Pl.'s Mot. at 17. Plaintiff argues that OPM lacks statutory authority to promulgate retroactive rules, but that it nonetheless "retroactively applied its interpretation of Section 8421(c) as implemented in 2016 to claw back Annuity Supplement payments to affected retirees who were then receiving that benefit dating back to when the retiree's Basic Annuity was first apportioned." *Id.* at 17. According to Plaintiff, therefore, "even if the Court were to find OPM's interpretation of Section 8421(c) permissible, it must still invalidate OPM's retroactive implementation of that interpretation as *ultra vires*" and "arbitrary, capricious, and fundamentally unfair to affected retirees." *Id.*

In response, Defendants argue that OPM's actions amount to "retroactive corrections" necessary to administer the correct "temporal reach" of the applicable statutes and regulations. Defs.' Cross-Mot. & Opp'n at 34. Defendants contend that the need to deduct payments from annuitants arises from the "effective date" of the Federal Employees' Retirement System Act ("FERS Act"), Pub. L. 99-335, 100 Stat. 514 (1986), which provided that the Act "shall take effect on January 1, 1987," and the directive in § 8467(b) that OPM must divide employee annuity payments pursuant to a court order "after the date . . . on which [OPM] receives written notice of such [court] decree, order, other legal process, or agreement[.]" Defs.' Cross-Mot. & Opp'n at 25. Taken together, these provisions "direct OPM to pay former spouses court-ordered apportionments received after January 1, 1987, 'after the date OPM receives written notice' of such order," and affords OPM "no discretion to enforce these provisions as of a later date." *Id.* Defendants contend that it would be outside of OPM's statutory authority *not* to adjust for overpayments made under

the mistaken interpretation of the annuity supplement statute that had been implemented by some OPM personnel prior to the 2014 Guidance and 2016 RIL. *See id.* at 26–27, 29.

Plaintiff contends that Defendants' "retroactive" corrections amount to impermissible retroactive rulemaking, which is foreclosed absent express statutory authorization. *See* Pl.'s Mot. at 17 (citing *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204 (1988)). Plaintiff contends that "absent express statutory authority, an agency may not give an interpretive rule retroactive effect." *Id.* (citing *Health Ins. Ass'n of Am. v. Shalala ("HIAA")*, 23 F.3d 412, 423 (D.C. Cir. 1994) ("[I[nterpretive rules, no less than legislative rules, are subject to [*Bowen's*] ban on retroactivity.")). According to Plaintiff, therefore, because the FERS Act does not authorize retroactive rulemaking, Defendants cannot deduct the annuity supplement payments prospectively to correct for past misapplication of the statute. Defendants, in response, argue that by providing an "effective date," the FERS Act "implicitly" authorizes retroactive action. *See* Defs.' Cross-Mot. & Opp'n at 35 (citing *Bowen*, 488 U.S. at 224–25 (Scalia, J., concurring)). Moreover, as Defendants correctly observe, the rules at issue in both *Bowen* and *HIAA* "may have caused private entities to pay the Government money," but neither "related to payments made by agencies from the Federal Treasury." Defs.' Reply at 19. Here, the "interpretive, non-legislative" rule at issue implicates funds incorrectly paid out from the Federal Treasury.

Defendants analyze their "corrective" efforts under the Supreme Court's discussion in *OPM v. Richmond*, 496 U.S. 414 (1990), contending that the Supreme Court's decision in that case "makes clear" than when an agency issues payments from the United States Treasury "in contradiction" to law, agencies must "correct such payments, because they are permitted to pay benefits only in accordance with statutory provisions from the effective date of entitlement prescribed by Congress." Defs.' Reply at 18. In *Richmond*, a recipient of federal benefits sought

13

advice from a federal employee regarding the statutory limit on earnings that would disqualify him from receiving a disability benefit. 496 U.S. at 416. He received erroneous advice, and earned more than permitted by the eligibility requirements. *Id.* Based on that erroneous advice, he sought a court order compelling "payment of the benefits contrary to the statutory terms." *Id.* The Supreme Court concluded that it lacked authority to authorize payments under a theory of equitable estoppel because the benefits the plaintiff sought were "not 'provided by' the relevant provision of the subchapter; rather, they were specifically denied. It follows that Congress has appropriated no money for the payment of the benefits respondent seeks, and the Constitution prohibits that any money 'be drawn from the Treasury to pay them." *Id.* at 424.

In this case, it would be inconsistent for the Court to conclude that sections 8467 and 8421(c) require Defendants to apportion the annuity supplement "in the same way" as basic annuity pursuant to an express court order, but then to bar Defendants' corrective measures to correctly implement the statute. As the Court previously noted, the obligations imposed on the affected retirees are the result of the "*statutory directive* and not the result of the Policy." Mem. Op. at 5, ECF No. 35 (emphasis added). OPM's 2014 Guidance and 2016 RIL "did not adopt a new position inconsistent with existing regulations," not did it "impose new obligation," but rather "issued internal guidance to certain of its employees concluding the plain text of Section 8421(c) requires them to divide annuity supplements when processing court orders requiring the division of employee annuities[.]" *Id.* at 6 (internal quotation marks omitted).

Plaintiff's requested order "invalidat[ing] OPM's retroactive implementation" of the 2014 Guidance and 2016 RIL, Pl.'s Mot. at 17, would have the effect of ordering OPM to duplicate payments it has already made—by (1) not deducting for overpayments it has previously made to federal annuitants; and (2) paying annuitants' former spouse the appropriate portion of the annuity

supplement. Doing so would contravene the "straight and explicit command" of the Appropriations Clause, as articulated in *Richmond*: "[N]o money can be paid out of the Treasury unless it has been appropriated by an act of Congress." *Richmond*, 406 U.S. at 424 (internal citations and quotation marks omitted); *see also Federal Crop. Ins. Corp. v. Merrill*, 332 U.S. 380, 385–86 (1947) ("[N]ot even the temptations of a hard case" will provide a basis for ordering recovery contrary to the terms of the regulation, for to do so would disregard "the duty of all courts to observe the conditions defined by Congress for charging the public treasury.").

Based on its conclusion that sections 8421(c) and 8467 require OPM to divide annuity supplements "in the same way" as basic annuity, when required to do so pursuant to a court order, the Court does not find OPM's efforts to comply with that statutory obligation (including, by correcting for past overpayments) to be arbitrary, capricious, or in excess of its statutory authority. Accordingly, the Court shall also grant summary judgment in Defendants' with respect to this claim.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's [39] Motion for Summary Judgement and **GRANTS** Defendants' [42] Cross-Motion for Summary Judgment. An appropriate Order accompanies this Memorandum Opinion.

**Date:** September 28, 2021

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge